(No. 3262—

NINA YOUNGMAN, ADMINISTRATRIX OF THE ESTATES OF JOHN YOUNGMAN, DECEASED AND ROBERT YOUNGMAN, DECEASED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 12, 1939.*

*Rehearing denied March 14, 1940.*

HAROLD J. DALTON, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

On June 18, 1936 Robert Youngman, aged ten years, and John Youngman, aged twelve years, were drowned in Pine Creek at White Pines State Park, Oregon, Illinois; the latter being a park established and operated by the State of Illinois. The complaint filed by Nina Youngman, as Administratrix of the children's estates, alleges that there was a concrete slab across Pine Creek which was formerly used by cars, but was no longer so used; that the waters of the creek passed over it in a shallow manner, and that the surface of the slab had become overgrown with moss; that it was attractive to children of tender years who were in the habit of wading upon the slab; that the waters of the Creek on each side of the slab were approximately fifteen feet deep, making it a dangerous place for children to play.

The complaint further alleges that it was the duty of respondent to exercise such care in the control and management of the slab that children of tender years who were attracted thereby would not be injured or killed; that the respondent negligently and carelessly failed to remove the slab or to provide a fence or protection for same, and permitted children to play thereby and thereon, and that as a result of such negligence the two children while wading on the slab slipped off the slab and were drowned.

The Attorney General has filed a motion to dismiss the complaint for the reason that the right to damages claimed therein is predicated upon the alleged negligence of the respondent through its agents and servants.

The Doctrine of Respondeat Superior does not apply to the State, and in the absence of a statute so providing, the State is not liable for death or injuries resulting from the negligence of its agents, officers or employees. (*Trombello* vs. *State,* 8 C. C. R. 56; *Cavatio* vs. *State,* 9 C. C. R. 245; *Wilson* vs. *State,* 8 C. C. R. 72.)

The establishment and maintenance of a park is a governmental function. (*Trombello* vs. *State,* supra.)

It further appears that the two children above named were drowned June 18, 1936. The complaint was filed herein on May 19, 1938, being considerably more than one year after

the children's death. The Attorney General contends that Paragraph 2, Chapter 70, Ill. Rev. Statutes, 1937, provides that every action for recovery of pecuniary damages resulting from death shall be brought within one year after the death of such person, and that therefore the claim in question would be barred under the statute.

Claimant contends that inasmuch as the Court of Claims Act provides that every claim filed herein shall be barred unless filed within five years after the claim first accrues, that the one year limitation under the Injuries Act does not apply. To this, we cannot concur. It does not follow, that since no claims can be filed in the Court of Claims after five years from the time the right of action accrued that all other limitations of statute are nullified so far as the filing or hearing of claims in the Court of Claims are concerned.

The motion of the Attorney General is allowed and the claim dismissed.